IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                    ORDER

       v.                         02-cr-51-bbc-01

JAMES J. WIRTS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of James J. Wirts's supervised release was held on January 6, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Jeffrey M. Anderson. Defendant was present in person and by counsel, Federal Defender Kelly Welsh. Also present was Senior United States Probation Officer Michael D. Harper.

      From the record and defendant's stipulations, I make the following findings of fact.

## FACTS

      Defendant was sentenced in the Western District of Wisconsin on September 10, 2002, following his conviction for unlawful possession of firearms and ammunition after conviction for a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 63 months, with a 36-month term of supervised release to follow.

On December 28, 2006, defendant began his term of supervised release. On March 28, 2009, he violated the mandatory condition prohibiting him from committing another federal state or local crime when he drove a motor vehicle under the influence of alcohol (6th offense) in violation of Wis. Stat. § 346.63(1)(a). On October 27, 2009, defendant was convicted of this charge in the Circuit Court for Dane County, case no. 09CF551.

Defendant's conduct falls into the category of a Grade B violation. Section 7B1.3(a)(1) of the advisory guidelines directs the court to revoke supervised release upon a finding of a Grade B violation.

## CONCLUSIONS

Defendant's violation warrants revocation. Defendant's criminal history category is V. With a Grade B violation, defendant has an advisory guideline term of imprisonment range of 18 to 24 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which he was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of chapter 7 of the Sentencing Guidelines, I have selected a sentence slightly below the bottom of the guideline range. The intent of this sentence is to hold defendant accountable for this violation and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on September 10, 2002, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 16 months to run concurrently with the term of imprisonment he is serving in Dane County case no. 09CF551.  No term of supervised release shall follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 7th day of January 2010.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>Chief District Judge